ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**[1]

| | | |
|---|---|---|
| **FERDINAND ZAYAS BURGOS**<br>DEMANDANTE(S)-APELANTE (S)<br><br><br>V.<br><br><br>**MUNICIPIO AUTÓNOMO DE SANTA ISABEL Y OTROS**<br>DEMANDADA(S)-APELADA(S) | **KLAN202500116** | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **PONCE**<br><br>Caso Núm.<br>**PO2024CV00546 (604)**<br><br>Sobre:<br>Acoso Laboral y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 15 de mayo de 2025.

Comparece ante este Tribunal de Apelaciones, el señor **FERDINAND ZAYAS BURGOS** (señor **ZAYAS BURGOS**) mediante *Apelación* instada el 7 de febrero de 2025. En su recurso, nos solicita que revisemos la *Sentencia* dictada el 20 de septiembre de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce.[2] Mediante la aludida decisión, el foro primario declaró ha lugar la *Moción de Desestimación* presentada el 4 de agosto de 2024 por el **MUNICIPIO DE SANTA ISABEL** (**MUNICIPIO**) al amparo de la Regla 10.2 de las de Procedimiento Civil de 2009.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre designación de paneles en el Tribunal de Apelaciones.
[2] Dicho dictamen judicial fue notificado y archivado en autos el 23 de septiembre de 2024. Apéndice de la *Apelación*, págs. 2- 18.

Número Identificador:
SEN2025_____

## - I -

El 28 de febrero de 2024, el señor **ZAYAS BURGOS** incoó una *Querella* sobre discrimen político, discrimen por condición de salud, represalias, acoso laboral, así como daños y perjuicios contra el **MUNICIPIO**.[3] El 4 de marzo de 2024, entabló una *Querella Enmendada*.[4] Al día siguiente, 5 de marzo de 2024, el señor **ZAYAS BURGOS** presentó una *Moción Informativa Sometiendo Emplazamiento Diligenciado* acompañada del *Emplazamiento* acreditando su diligenciamiento al **MUNICIPIO**.[5]

Dadas las circunstancias, el 14 de marzo de 2024, el **MUNICIPIO** presentó la *Contestación a Querella,* conteniendo sus defensas afirmativas, y *Moción para que se Tramite el Presente Caso Bajo el Procedimiento Ordinario*.[6] Alegó que la causa de acción principalmente era una por daños y perjuicios cuya compensación asciende a $500,000.00 y era necesario realizar un descubrimiento de prueba más allá de lo permitido bajo un procedimiento sumario. Poco después, el 17 de marzo de 2024, el señor **ZAYAS BURGOS** presentó la *Moción Allanándose a Procedimiento Ordinario*.[7] Con la anuencia del señor **ZAYAS BURGOS**, el 19 de marzo de 2024, se decretó una *Resolución* en la cual se convirtió el trámite en un proceso ordinario.[8]

El 4 de agosto de 2024, el **MUNICIPIO** cursó un descubrimiento de prueba (Primer Pliego de Interrogatorio, Requerimiento de Admisiones y Solicitud de Documentos) al señor **ZAYAS BURGOS**.[9] Ese mismo día, también presentó una *Moción de Desestimación*.[10] Puntualizó que la *Querella Enmendada* no contenía fecha alguna sobre cuándo ocurrieron los alegados hechos, lo que incide sobre el posible levantamiento de su defensa de

---

[3] Apéndice de la *Apelación*, págs. 38-44. El señor **ZAYAS BURGOS** ocupaba una plaza de obrero permanente y llevaba trabajando desde el año 2002. Al momento de los hechos, llevaba más de 22 años trabajando para el **MUNICIPIO**.

[4] Apéndice de la *Apelación*, págs. 46-53.

[5] *Íd.*, págs. 55- 58.

[6] *Íd.*, págs. 60- 73 y 75- 78.

[7] Apéndice de la *Apelación*, pág. 80.

[8] *Íd.*, pág. 83.

[9] *Íd.*, pág. 88.

[10] *Íd.*, págs. 90- 94.

prescripción, y por ello se tenía que desestimar. Para la desestimación, el **MUNICIPIO** invocó las Reglas 7.3 y la 10.2 de las de Procedimiento Civil de 2009.

A esos efectos, el 9 de agosto de 2024, el señor **ZAYAS BURGOS** presentó una *Oposición a Desestimación*.[11] Argumentó que en inciso 6 se expresa que el señor **ZAYAS BURGOS** comenzó a trabajar en el mes de julio de 2002; trabajó hasta el 6 de diciembre de 2023; y dentro de ese periodo de tiempo es que ocurrieron los hechos, por lo que indicar que no se tiene aseveración alguna de tiempo sería incorrecto en hechos y derecho. Reiteró que la reclamación contiene aseveraciones específicas claras sobre los actos que se reclaman, el periodo de tiempo que ocurrieron, y no como se argumenta para la desestimación que adolece de fecha alguna.

En consecuencia, el 20 de septiembre de 2024, se dictaminó la *Sentencia* apelada. En desacuerdo, el 7 de octubre de 2024, el señor **ZAYAS BURGOS** presentó una *Moción de Reconsideración,* así como una *Moción en Autorización para Enmendar la Querella-Demanda en Virtud de la Regla 10.4 de Procedimiento Civil*.[12] Al día siguiente, el 8 de octubre de 2024, presentó la *Querella-Demanda Enmendada.*[13] En la misma fecha, se dictó una *Resolución* declarando no ha lugar al petitorio de enmendar la reclamación.[14] El 28 de octubre de 2024, el **MUNICIPIO** presentó *Escrito en Cumplimiento de Orden y en Oposición a Moción de Reconsideración*.[15] Expuso, entre otras cosas, que el señor **ZAYAS BURGOS** no hace mención de la fecha de cuándo se llevaron a cabo los alegados actos de discrimen, represalias, acoso y/o daños y perjuicios así las humillaciones, improperios y mentiras en su contra. Más tarde, el 8 de diciembre de 2024, se dictaminó *Orden* expresando:

> "[v]ista la moción de reconsideración presentada (SUMAC 28) y la oposición correspondiente se declara no ha lugar la reconsideración presentada por dejar de exponer son suficiente

---

[11] Apéndice de la *Apelación*, págs. 96-103.
[12] *Íd.*, págs. 20- 34 y 105- 106.
[13] *Íd.*, págs. 107- 116.
[14] Apéndice de la *Apelación*, pág. 118.
[15] *Íd.*, págs. 120- 123.

particularidad elementos que nos lleven a reconsiderar nuestra determinación".[16]

Inconforme, el 7 de febrero de 2025, el señor **ZAYAS BURGOS** recurrió ante este foro intermedio señalando el(los) siguiente(s) error(es):

> Erró el Honorable Tribunal al desestimar la demanda.
>
> Erró el Tribunal en su interpretación de las aseveraciones de la querella y/o querellas enmendadas y determinar eran absolutamente insuficientes.
>
> Erró el Tribunal al interpretar que la querella y querellas enmendadas adolecen de un mínimo de especificidad y hechos demostrativos que permitan inferir que el querellante tiene derecho a un remedio.
> Erró el Tribunal al determinar que una querella y/o querella enmendada es insuficientes en hechos y derecho cuando no se asevera en ella que se cumplió con el requisito del artículo 1.051 de la Ley Municipal de notificación de la intención de demandar del título 21 LPRA sec. 7082.
>
> Erró el Tribunal al no utilizar la Regla 10.4 de Procedimiento Civil, y ordenar una exposición de la demanda más definida.
>
> Erró el Tribunal y abusó de su discreción al negar la Segunda Demanda Enmendada presentada por el demandante.

El 18 de febrero de 2025, pronunciamos una *Resolución* concediendo, entre otras cosas, un término de treinta (30) días al **MUNICIPIO** para presentar alegato en oposición. En cumplimiento, el 17 de marzo de 2025, el **MUNICIPIO** presentó su *Solicitud de Desestimación de la Apelación por Falta de Jurisdicción*. El 18 de marzo de 2025, se dispuso una *Resolución* confiriendo un plazo de diez (10) días para exponer su posición, sobre la petitoria de desestimación del recurso por falta de jurisdicción, al señor **ZAYAS BURGOS**. El 31 de marzo de 2025, el señor **ZAYAS BURGOS** presentó su *Moción en Oposición a Desestimación por Falta de Jurisdicción*. Finalmente, el 21 de abril de 2025, el **MUNICIPIO** presentó su *Solicitud para que se Entienda Sometida, Sin Oposición, Moción de Desestimación de la Apelación por Falta de Jurisdicción*.

---

[16] *Íd.*, pág. 36.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *Reconsideración*

La parte adversamente afectada por una **sentencia** del Tribunal de Primera Instancia podrá, dentro del término *jurisdiccional* de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una *moción de reconsideración*. La *moción de reconsideración* debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho.[17] Una vez presentada oportunamente la *moción de reconsideración*, quedarán interrumpidos los términos para recurrir en alzada para todas las partes luego de la debida notificación del petitorio al resto de las partes.[18] Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la *moción de reconsideración*.[19]

Empero, cuando la *moción de reconsideración* es presentada en incumplimiento con las Reglas de Procedimiento Civil de 2009, la parte afectada solo dispone del tiempo que le resta del término jurisdiccional de treinta (30) días para presentar su apelación.[20] Una vez transcurridos los mencionados términos o plazos, el tribunal pierde jurisdicción sobre el caso.

Para que una *moción de reconsideración* cumpla con las exigencias de nuestro ordenamiento, es necesario que se expongan con suficiente

---

[17] *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 337- 338 (2018).
[18] Ello dentro del término de cumplimiento estricto de quince (15) días.
[19] Regla 47 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V R. 47; *Marrero Rodríguez v. Colón Burgos, supra,* pág. 338.
[20] Regla 52.2 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52. Si el Estado es parte, este término jurisdiccional es de sesenta (60) días. *Íd.*

particularidad y especificidad los hechos y el derecho aplicable.[21] Esto implica que, si se presenta la solicitud de reconsideración **sin** la suficiente *especificidad* y *particularidad*, no interrumpe el término para recurrir ante nuestro tribunal. Consecuentemente, la Regla 47 de las de Procedimiento Civil de 2009 puntualiza que:

> [L]a moción de reconsideración que no cumpla con las especificidades de esa regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir. Ante estos escenarios, en caso de que una parte haya acudido al Tribunal de Apelaciones fuera del término de 30 días a partir de la notificación de la sentencia del Tribunal de Primera Instancia que interesa revisar, su recurso resultaría tardío.[22]

Esto supondría que este Foro "tendría la obligación de declararse *sin jurisdicción*, pues sabemos que un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción y debe ser desestimado".[23]

### - B - *Jurisdicción*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[24] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[25] Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[26]

Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la

---

[21] *Marrero Rodríguez v. Colón Burgos, supra*, pág. 338.

[22] 32 LPRA Ap. V, R. 47. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 174, 179 (2016). Una moción así presentada no paralizaría el término para acudir a este tribunal.

[23] *Íd.*, pág. 175. (Énfasis suplido).

[24] *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).

[25] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

[26] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267- 268 (2018).

controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[27]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[28]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[29] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[30]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[31] "Una vez un tribunal determina que no tiene *jurisdicción*,

---

[27] *FCPR v. ELA et al., supra; Cobra Acquisitions v. Mun. Yabucoa et al., supra; Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

[28] *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101- 102 (2020).

[29] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007).

[30] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

[31] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o*

"procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".[32] Ello sin entrar en los méritos de la controversia ante sí.

- III -

Justipreciado el expediente ante nuestra consideración, notamos que el foro primario notificó la *Sentencia* recurrida el 23 de septiembre de 2024 y el señor Zayas Burgos presentó su *Moción de Reconsideración* el 7 de octubre de 2024. Ante esto, el 9 de diciembre de 2024, el tribunal *a quo* declaró "no ha lugar" a la reconsideración incoada "por dejar de exponer con suficiente particularidad elementos que nos lleven a reconsiderar nuestra determinación".[33]

Por lo esbozado anteriormente, debemos colegir que la solicitud de reconsideración presentada por el señor Zayas Burgos no fue lo suficientemente específica y particular sobre los hechos y el derecho que entendía que debieron reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones o conclusiones de derecho. Por lo cual, su ruego **no** interrumpió el plazo jurisdiccional de sesenta (60) días para presentar su *Apelación.*[34] Esto es, el señor Zayas Burgos presentó su recurso apelativo **fuera del término prescrito de sesenta (60) días** por nuestro ordenamiento jurídico. Este incumplimiento nos priva de *jurisdicción* para entender la controversia planteada. En consecuencia, procede la *desestimación* del recurso de *Apelación* por ausencia de *jurisdicción*.

- IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *desestimamos*, por ausencia de *jurisdicción*, la *Apelación* interpuesta el 7 de febrero de 2025 por

---

de buena fe; *(4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*
[32] *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 385.
[33] Apéndice de la *Apelación*, pág. 36. El foro de instancia debió declarar la moción de reconsideración presentada por el señor Zayas Burgos "*sin* lugar" debido a la falta de especificidad y particularidad en la solicitud.
[34] 32 LPRA Ap. V, R.52.2 (c).

el señor **FERDINAND ZAYAS BURGOS**; y ordenamos el cierre y archivo del presente caso.[35]

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[35] 4 LPRA Ap. XXII-B. La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B). Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico"*.